UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 19-22604-CIV-MARTINEZ-OTAZO-REYES

NOEMI VALENZUELA,
    Plaintiff,

vs.

ANDREW SAUL,
Commissioner for Social Security Administration,
    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, following Plaintiff Noemi Valenzuela's ("Claimant") denial of her claim for disability insurance benefits and Supplemental Security Income. [ECF No. 13 at 20]. Following Claimant's Motion for Summary Judgment, [ECF No. 21] ("Claimant's Motion"), and Defendant Andrew Saul's ("Commissioner") subsequent Motion for Summary Judgment, [ECF No. 22] ("Commissioner's Motion"), Magistrate Judge Otazo-Reyes filed a Report and Recommendation ("R&R"), recommending that the Claimant's Motion be denied, the Commissioner's Motion be granted, and the Commissioner's decision be affirmed. [ECF No. 24]. Claimant timely filed "Objections to the Magistrate's Report and Recommendations on Cross Motions for Summary Judgment," [ECF No. 25] ("Claimant's Objections").

This Court, having conducted a *de novo* review of the record and the issues presented in Claimant's objections, agrees with Magistrate Judge Otazo-Reyes's recommendations and adopts them in full.

## BACKGROUND

Claimant filed an application for a period of disability and disability insurance benefits, as well as supplemental security income. [ECF No. 13 at 20]. Claimant requested an administrative hearing, which took place on July 17, 2018 in front of Administrative Law Judge Tracey B. Leibowitz ("ALJ Leibowitz"). *Id.* Claimant initially alleged disability beginning January 1, 2009, but at the administrative hearing, the Claimant amended the date of the onset of her disability to June 30, 2015. Claimant was born on June 5, 1975, and was forty (40) years old when her alleged

disability began. *Id.* at 30 ¶ 7. Plaintiff has a high school education and previously worked as a teacher's aide and receptionist. [ECF No. 22 at 3]. Claimant is diagnosed with bipolar I disorder, panic disorder, and anxiety disorder. [ECF No. 21 at 12]. Claimant "claimed she had extreme anxiety, she suffered a panic attack whenever she left the house, and she had multiple panic attacks a day that lasted several hours." [ECF No. 22 at 3]. Claimant also alleged to have postural orthostatic tachycardia syndrome ("POTS"), which caused blurry vision, sweaty hands, and shortness of breath. *Id.*

Claimant testified at the administrative hearing and was represented by attorney Rogelio R. Oliver. [ECF No. 13 at 20]. Claimant testified to suffering from severe psychiatric conditions. [ECF No. 24 at 24]. Claimant stated that she had severe panic attacks daily lasting several hours, which "required her to take medication and lay down." *Id.* She also testified that "she was unable to take care of her children on her own, perform household chores, go outside, ride in elevators, or go to the beach due to crowds" and that she "experienced crying spells, depression, nervousness, lethargy, difficulty sleeping, and difficulty remembering." *Id.* Claimant also testified to her cardiac condition, stating that she suffered from "tachycardia; syncope; dizziness; shortness of breath; chest pains; drops in blood pressure; and blurry vision." *Id.*

Joey Kilpatrick ("VE Kilpatrick"), an impartial vocational expert, also appeared at the hearing and testified via telephone. *Id.* at 25. Based on hypotheticals ALJ Leibowitz posed to VE Kilpatrick, there were numerous jobs in the national economy that someone with Claimant's conditions would be able to perform. *Id.* at 25-27.

In her decision, ALJ Leibowitz analyzed whether Claimant was disabled, which is defined in section 223 of the Social Security Act as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. *Id.* (citing 42 U.S.C. § 423). To analyze this, ALJ Leibowitz used the five-step sequential evaluation process for determining whether an individual is disabled. [ECF No. 13 at 21]. The steps are followed in order, and if it is determined that a claimant is or is not disabled at one of the steps, the evaluation ends. 20 C.F.R. § 404.1520 (2020). The steps are as follows:

1) <u>Step One</u>: Is the claimant performing substantial gainful activity? If so, the claimant is not disabled. If not, then the ALJ continues to step two. Here, ALJ Leibowitz determined that

Claimant had not engaged in substantial gainful activity since the amended alleged onset date; she then continued to step two. [ECF No. 13 at 22].

2) <u>Step Two</u>: Does the claimant have at least one severe medical impairment or a combination of severe medical impairments? If not, the claimant is not disabled. If so, the ALJ continues to step three. In this case, ALJ Leibowitz determined that Claimant had severe impairments, including "dysphagia, recurrent arrhythmias, degenerative disc disease, anxiety disorders, affective disorders, postural orthostatic tachycardia syndrome, and coronary artery disease." *Id.* at 23. ALJ Leibowitz continued to step three.

3) <u>Step Three</u>: Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, the ALJ must continue to step four. Here, ALJ Leibowitz determined that although Claimant had medical impairments, they did not meet or medically equal the severity of one of the listed impairments. *Id.*

4) <u>Step Four</u>: What is the claimant's residual functional capacity ("RFC"), and based on this, can claimant perform his or her past relevant work? If so, the claimant is not disabled. If not, the ALJ must continue to step five. In Step Four, ALJ Leibowitz determined that Claimant could not perform any past relevant work but had the RFC to perform sedentary work. *Id.* at 25–29.

5) <u>Step Five</u>: Based on the claimant's RFC, age, education, and work experience, can the claimant make adjustment to other work? If so, the claimant is not found to be disabled. If not, the claimant is disabled. Here, ALJ Leibowitz found that, considering these factors, there are jobs that exist in significant numbers in the national economy that Claimant could perform.

*Id.*; *see generally Osborn v. Barnhart*, 194 F. App'x. 654 (11th Cir. 2006).

Based on these findings of fact and conclusions of law, ALJ Leibowitz concluded that Claimant was not disabled under the Social Security Act. *Id.* at 31.

## **LEGAL STANDARD**

This Court must review Social Security administrative decisions and determine whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Outlaw v. Barnhart*; 197 F. App'x 825, 826 (11th Cir. 2006). "Substantial evidence is more than a scintilla

and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Cmm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as a finder of fact." *Kieser v. Barnhart*, 222 F. Supp. 2d 1298, 1305 (M.D. Fla. 2002) (citations omitted).

## **DISCUSSION**

An ALJ is to weigh medical opinions by giving a treating physician's opinion "substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (quoting *Lewis* v. *Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists for an ALJ to give a physician's opinion no substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* The ALJ is "required to state with particularity the weight he gives to different medical opinions and the reasons why." *McCloud v. Barnhart*, 166 F. App'x 410, 418–19 (11th Cir. 2006). "When the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Weekley v. Comm'r of Soc. Sec.*, 486 F. App'x 806, 808 (11th Cir. 2012).

The R&R supports ALJ Leibowitz's decision because ALJ Leibowitz showed good cause for discounting the medical opinions of Claimant's two treating doctors, Dr. Oscar Canosa, M.D. and Dr. Litsa Lambrakos, M.D. As noted by the R&R, ALJ Leibowitz describes Dr. Canosa's medical opinion and finds that "Dr. Canosa's opinion is unsupported by the record as a whole." [ECF No. 13 at 23–24]. ALJ Leibowitz gives examples of medical reports from the record that are inconsistent with Dr. Canosa's medical opinion. *Id*. Thus, ALJ Leibowitz showed good cause to discount Dr. Canosa's medical opinion and these findings were supported by substantial evidence on the record.

ALJ Leibowitz also shows good cause for discounting Dr. Lambrakos' medical opinion, finding that "Dr. Lambrakos' opinion is also unsupported by musculoskeletal examinations showing no problems with [Claimant's] gait or ambulation…the treating record clearly shows that [Claimant] is capable of work at the sedentary exertional level." *Id*. at 24. Indeed, regarding both Dr. Lambrakos' and Dr. Canosa's opinions, ALJ Leibowitz provides numerous specific examples

4

as to why the opinions were afforded certain weight. Thus, the R&R correctly stated that ALJ Leibowitz did not commit reversible error in her weighing of medical opinions—a task this Court is not permitted to undertake. *See Storey v. Berryhill*, 776 Fed. App'x 628, 634 (11th Cir. 2019) ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner.").

As discussed above, and as discussed in greater detail in the R&R, ALJ Leibowitz gave ample reasons for discounting the medical opinions of Dr. Canosa and Dr. Lambrakos and has supported those reasons by citing to specific record evidence. As such, this Court is required to give deference to ALJ Leibowitz's denial of Plaintiff's claims.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDED** that

1. United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 24], is **AFFIRMED and ADOPTED**.
2. Claimant's Motion for Summary Judgment, [ECF No. 21], is **DENIED**.
3. Commissioner's Motion for Summary Judgment, [ECF No. 22], is **GRANTED.**
4. ALJ Leibowitz's decision is **AFFIRMED.**

DONE and ORDERED in Chambers at Miami, Florida, this 10th day of November, 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record